UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY PORTER, | ) |
| Plaintiff, | ) |
| | ) No. 24 C 1308 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

## OPINION AND ORDER

After a city department revoked his advanced airfield driver certification and Red-Stripe Badge, Plaintiff Jeffrey Porter filed this lawsuit against the City of Chicago (the "City") alleging race discrimination in violation of 42 U.S.C. §§ 1981 and 1983. The City now moves to dismiss Porter's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Porter sufficiently pleaded his race discrimination claim, the Court denies the City's motion to dismiss.

## BACKGROUND[1]

Porter, an African American male, has worked for the Chicago Fire Department ("CFD") since 1988 and currently serves as a Fire Captain/Emergency Medical Technician. Throughout his career with CFD, Porter has obtained various certifications and credentials, including an advanced airfield driver certification, Airport Rescue Firefighter credential, and Red-Stripe Badge. With these qualifications, Porter worked at Midway International Airport ("Midway") and O'Hare International Airport ("O'Hare"), which allowed him to earn maximum pay, benefits, and overtime.

---

[1] The Court takes the facts in the background section from Porter's amended complaint and presumes them to be true for the purpose of resolving the City's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

The City maintains, supervises, and regulates CFD and the Chicago Department of Aviation ("CDA"). CFD's Fire Commissioner, the CFD District Chief of Airport Operation – 3rd District, and CDA's Managing Deputy Commissioner effectuate and enforce each department's rules, orders, ordinances, statutes, policies, regulations, practices, and procedures. The City's agents in these departments also make decisions regarding promotional opportunities.

In September 2020, Porter was serving as an instructor at Midway when an incursion occurred. At some point thereafter, Porter learned that someone deactivated his Red-Stripe Badge, although he continued to rotate between the airports for various other duties as needed. During this time, Porter's union and unidentified others challenged the stripping of his Red-Stripe Badge. On January 27, 2022, the CFD District Chief of Airport Operations – 3rd District, John Gies, encouraged Porter to complete a transfer request for roles outside of the airports. That same day, Porter submitted a transfer request for a vacant position entitled Fireboat Engine 002.[2] On January 31, 2022, Porter discovered that he could not work at either airport going forward because the City had learned that a city department permanently revoked Porter's advanced airfield driver certification.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to

---

[2] While Porter alleges that he submitted a transfer request on January 27, 2024, the Court assumes this is a typo and reads it as January 27, 2022. *See* Doc. 32 ¶ 23.

the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Although Porter sets forth two "counts" in his amended complaint, one count under Section 1981 and a separate count under Section 1983, the Seventh Circuit has explained that Section 1981 does not create a private right of action against state actors, but instead Section 1983 is the exclusive remedy for violations of Section 1981 committed by state actors such as the City. *See Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 671 (7th Cir. 2014). Accordingly, the Court construes Porter's complaint as one claim: race discrimination in violation of Section 1981, brought against the City via Section 1983. *See Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 467 (7th Cir. 2014) ("[T]he prohibitions in 42 U.S.C. § 1981 are enforced against state actors by suits under section 1983, because section 1981 does not provide remedies against state actors for violation of its prohibitions.").

While the City separately challenges Porter's Section 1981 and Section 1983 "counts," it makes no difference at this stage because "complaints need not set out either legal theories or comprehensive factual narratives." *Rapid Test Prods., Inc. v. Durham Sch. Servs., Inc.*, 460 F.3d 859, 860 (7th Cir. 2006). In other words, the Court's analysis of Porter's race discrimination claims at the motion to dismiss stage does not change based on the specific legal theory under which Porter intends to proceed. *See Leavell v. Cook Cnty. State's Attorney's Off.*, No. 22 C 4731, 2025 WL 777540, at *2 (N.D. Ill. Mar. 11, 2025) (denying the defendant's motion to

3

dismiss plaintiff's Section 1983 and 1981 counts in part because the plaintiff's "decision to include several legal theories in her complaint, set out as separate 'counts,' does not alter the Court's analysis. The federal rules 'do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted'" (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014))). The Court therefore only analyzes arguments that relate to whether Porter failed to state a race discrimination claim. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").

To survive a motion to dismiss an employment discrimination claim, Porter "need only aver that the employer instituted a (specific) adverse employment action against the plaintiff on the basis of [his race]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). While the City argues for a higher pleading standard under the *McDonnell Douglas* framework, Porter's complaint need not meet *McDonnell Douglas*' evidentiary standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). For simple claims of race or sex discrimination, there is a "minimal pleading standard" that only requires a complaint to "contain something more than a general recitation of the elements of the claim." *Tamayo*, 526 F.3d at 1084. Put differently, "[a] plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017).

4

The City bases its arguments that Porter does not state a claim for race discrimination on his alleged failure to plead facts necessary to establish a prima facie case under *McDonnell Douglas*. Specifically, the City contends that Porter fails to plausibly allege that (1) race was the but-for cause of his credential revocation, (2) he suffered an adverse action by the City, and (3) the City treated similarly situated employees more favorably. But, the City asks too much of Porter at the Rule 12(b)(6) stage. *See Swierkiewicz*, 534 U.S. at 506 (holding that "an employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework, but instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" under Fed. Rule Civ. Proc. 8(a)(2)). Porter must simply allege the City took a specific adverse action against him based on his membership in a protected class. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

In spite of the fact that Porter's complaint is not a model of clarity or thoroughness, it satisfies this minimal pleading requirement. First, Porter alleges he is African American, so he belongs to a class protected under Section 1981. *See Paige v. Woodward, Inc.*, No. 23 C 50053, 2024 WL 5498497, at *4 (N.D. Ill. Jan. 16, 2024) ("Plaintiff alleges she is African American, so she is a member of a class protected under Title VII and Section 1981."). Second, the City does not dispute that Porter alleges an adverse action—namely, the revocation of his credentials. Instead, the City contends that the Court must dismiss Porter's amended complaint because he does not allege that *the City* subjected him to an adverse employment action *despite his reasonable performance* under the *McDonnell Douglas* framework. While Porter riddles his complaint with the passive voice, making it more difficult to discern decision-makers, he alleges that the City, or a department or employee under the City's supervision, revoked Porter's

credentials. For example, Porter alleges that the City operates, maintains, supervises, and regulates CFD and CDA, Doc. 32 ¶ 7, the employees of which effectuate and enforce the departments' rules, ordinances, statutes, orders, policies, regulations, practices, and procedures, *id.* ¶¶ 8–10. That is enough at this stage. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims."). The City's additional argument for dismissal on this second element of Porter's discrimination claim fails because, again, the City's claimed heightened *McDonnell Douglas* standard does not apply here. The City's own cited case law illuminates this point. For example, the City cites *Johnson v. Advocate Health & Hospitals Corp.*, 892 F.3d 887 (7th Cir. 2018), to support its argument that Porter failed to state a race discrimination claim. But in that case, the Seventh Circuit analyzed the district court's grant of summary judgment, not its grant of a motion to dismiss—which, again, asks less of a plaintiff to proceed to discovery. *See generally id.* at 893–95.

Finally, Porter satisfies the third pleading requirement for a race discrimination claim because he alleges that the City revoked his credentials *based on* his race. The City argues that Porter has not pleaded facts to support that race was the but-for cause of his credential revocation, but again the City mistakes what Porter must allege to survive a motion to dismiss. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 609 F. Supp. 3d 662, 679–82 (N.D. Ill. 2022) (discussing the defendant's argument that the plaintiffs do not plausibly allege "but for" causation and concluding that "[s]o long as Plaintiffs have alleged that [the defendant] took adverse actions against them because of their race, Plaintiffs have sufficiently pled causation" because "this is not summary judgment; whether Plaintiffs can satisfy *McDonnell Douglas* is a question for another day"). Porter alleges that the City subjected him and other African

6

American employees—specifically naming three other employees—to different terms and conditions after incursion incidents and policy violations as compared to their non-African American counterparts. Porter also alleges that he complained about this alleged disparate treatment to his supervisors and command staff to no avail. These allegations suggest that the City subjected Porter to higher scrutiny and discipline after an incursion incident or policy violation because of his race. Accordingly, Porter has sufficiently pleaded causation. *See id.* at 682 (finding that the plaintiffs alleged causation at the pleading stage because they provided specific examples of the alleged heightened scrutiny as compared to their white coworker).

It may be that when the parties complete discovery, Porter will not be able to produce evidence to survive summary judgment. But Porter's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Vega v. Chi. Park Dist.*, 958 F. Supp. 2d 943, 954–55 (N.D. Ill. 2013) (finding the plaintiff sufficiently pleaded discrimination claims by alleging that employer treated coworkers not in her protected class more favorably). Therefore, the Court allows Porter to proceed with his race discrimination claim and the City may raise its arguments again on a more developed record at summary judgment.

## CONCLUSION

For the foregoing reasons, the Court denies the City's motion to dismiss [36].

Dated: May 29, 2025

SARA L. ELLIS
United States District Judge

7